Hunnicutt et al. v. Kirkpatrick, Treasurer, etc.

---

HUNNICUTT ET AL. v. KIRKPATRICK, TREASURER, ETC.

1. ACTION: PARTIES: *Suits against county treasurers for funds withheld.* Either the State, as trustee of an express trust, or the county treasurer, may maintain an action on his predecessor's bond for the amount of school funds found, upon settlement with the County Court, to be due from him.

2. ACTION ON OFFICIAL BONDS: *Settlement with County Court conclusive.* In an action on a treasurer's official bond, his settlement with the County Court is conclusive against him and his sureties.

APPEAL from *Saline* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

SMITH, J.   This was an action by the treasurer of Saline County against his predecessor and the sureties on his official bond.   The breach assigned was, that, having made his settlements with the County Court, on account of moneys received for the use of the several school districts in the county, balances, amounting in the aggregate to $1,978.25, were struck against him, which he was ordered to pay over to his successor, but he had failed so to do, except as to the sum of $816.31, leaving due and unpaid $1,161.94.

A demurrer, for want of legal capacity in the plaintiff to sue, was overruled, and an exception was noted.

The answer admitted the execution of the bond and the making of the settlements, and, after some matters in denial of the allegations of the complaint, claimed credit for over-payment to certain school districts, and for sundry school warrants paid, but since lost, and not included in his settlements.   The court sustained a demurrer to so much of this answer as set up affirmative matter, and another exception was reserved.

On a trial before the court, the defendants admitted that Hunnicutt had received the moneys sued for, as shown by his settlements, and as averred in the complaint, and that he had never paid the same to any of his successors in office.   The plaintiff had judgment.

No motion for a new trial having been made, nor any bill of exceptions signed, our only concern with the case is to see whether the court committed any error in disposing of the demurrers as above stated.

I.   Under the old practice, this action should have been in the name of the State, the obligee in the bond.   But, since the adoption of the Code, it may be prosecuted either by the State, as the trustee of an express trust, or by the real party in interest—that is, by the person entitled to

1. ACTION: PARTIES: Suit against county treasurer for funds withheld.

receive the money, who, in this instance, is the county treasurer. Compare *sections 4469 and 4472 of Gantt's Digest.*

In *Hagnes v. Butler, 30 Ark., 69,* it was ruled that the county treasurer could maintain an action against the collector on his official bond to recover the excess, over-taxes, penalty and costs, received by him at a tax sale. The same principle applies here. The law requires the treasurer to receive, to keep, and to disburse the revenues for school purposes. (*Act of Dec. 7, 1875, secs. 41, 67, 71, 75.*) In order to discharge his trust and duty, he must be clothed with a commensurate power to sue for and re-cover what is due him in his official character.

2. ACTION ON OFFICIAL BONDS: Settlements with County Courts conclusive.
II. As Hunnicutt's settlements were filed on the eve of his going out of office, we infer that the payments, for which he now demands additional credits, if made at all, were made before that time. He should then have asked credit for all legitimate disbursements, and if the County Court refused to allow them, he had his remedy by appeal to the Circuit Court. In an action upon his bond the adjustment of his accounts by the County Court is conclusive upon him, as well as upon his securities. *Jones v. State, use, etc., 14 Ark., 170.*

Affirmed.