JOHNSON COUNTY *v.* BOST.

Opinion delivered May 26, 1919.

1. CLERKS OF COURT—FEES—PENALTY FOR EXTORTION.—Kirby's Digest, section 1888, imposing a penalty for excessive charges by any officer, has no application to an action by a county against the circuit clerk to set aside judgments allowing claims for services and warrants issued pursuant thereto; the statute being designed for the protection of individuals against whom extortionate demands are made by officers.

2. EQUITY—WRONGFUL EXACTION—SUIT BY COUNTY.—Equity has jurisdiction of a suit to recover from a circuit clerk amounts allowed by the county court on fraudulent and illegal claims for services rendered.

3. SAME—ALLOWANCE OF CLAIMS BY COUNTY COURT—MULTIPLICITY OF SUITS.—On the ground of multiplicity of suits, equity has jurisdiction of a suit to set aside orders of the county court allowing claims of the circuit clerk for fees which he could not legally exact.

4. APPEAL AND ERROR — BURDEN OF PROOF.—On cross-appeal, the appellee has the burden of abstracting the testimony to show that the findings of which he complains were erroneous.

5. EQUITY—FRAUD IN PROVING ALLOWANCES.—In a suit by a county against a circuit clerk to recover for illegal exactions, evidence showing that defendant systematically padded his accounts was sufficient to constitute fraud authorizing relief in equity.

6. CLERKS OF COURTS—FEES—ACTIONS.—Kirby's Digest, section 7174, declaring that wherever any error shall be discovered in the settlement of any county officer with the county court it shall be the duty of the court at any time within two years from such settlement to reconsider and adjust the same, applies only to

settlements of officers handling revenue, and will not preclude equity from granting relief against illegal exactions from the county by the circuit court.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; reversed in part and affirmed.

*H. H. Ragon,* Prosecuting Attorney, and *Hugh Basham,* for appellant.

1. A suit in chancery may be maintained to set aside an allowance in the county court for fraud, collusion or mistake. The court had jurisdiction here. 37 Ark. 532; 19 *Id.* 311; 77 *Id.* 328. The court found that the charges were fraudulent and properly found that appellant should have judgment for the $829.80, but erred in refusing judgment for $144.75, under section 7174 of Kirby's Digest. The county having paid the warrants, it would have done no good to set aside the judgments. It makes no difference how long a judgment or order of allowance has been made if the warrants have not been paid or canceled under the statute authorizing the county court to call in the warrants. When the warrants are presented the court has jurisdiction to go into the matter and allow just the amount that should have been allowed when the claim was originally presented for allowance. 37 Ark. 532; 77 *Id.* 328. But where the warrants have all been paid and canceled as here judgment should have been given for the $144.75.

2. It was error to dismiss the prayer for judgment for the penalty prescribed by section 3502 of Kirby's Digest for the 3,012 items of illegal fees demanded and received by appellee. We have not overlooked 132 Ark. 473, 95 Ark. 426, and other cases prior thereto, but these cases are not cases where the remedy is not entirely adequate at law, being only for a single penalty. Here it will be necessary to go over 150 or 200 fee bills and seek out the items of illegal charges in each and have the court declare the law as to each item and depend, in a great measure, on the jurors, keeping these items in their minds, which would be impossible,

and hence the remedy at law would be utterly inadequate, and equity will enforce penalties where there is no adequate remedy at law. It is true appellant could bring a suit on each fee bill, but equity abhors a multiplicity of suits. 53 Ark. 306.

3 Equity will take jurisdiction where long accounts are involved and where justice can be more easily and properly administered in equity by referring matters to a master under the directions of the court as here. 82 Ark. 547; 129 *Id.* 202. But if in error as to this the court should have transferred this branch to the law court as appellant asked to be done. In fact, the court did make such order but subsequently set the order aside and dismissed this branch of the case over appellant's objections.

4. Appellee has escaped liability on account of limitation on 2,982 illegal charges. Kirby's Digest, section 5068, which is practically half of the illegal charges found against him by the master.

5. The clerk cannot charge for recording, filing or indexing indictments, nor for certificate of record of indictments. 73 Ark. 603; 57 *Id.* 495. Nor can he charge for certificates of attendance to witnesses. 57 *Id.* 495. Nor for continuance unless order made by the court. 56 *Id.* 249. He cannot charge for filing papers. 32 Ark., bottom p. 52.

As found by the master, appellee collected illegal fees amounting to $672.40 on allowances in which warrants had been issued but not canceled, for which no judgment was allowed in the chancery court.

*Jesse Reynolds* and *G. O. Patterson,* for appellee.

1. Appellee's demurrer should have been sustained. This suit was instituted under section 1888, Kirby's Digest.

There is no proof of any corrupt intent.

2. This suit is barred by limitation. Kirby's Digest, section 5068; 59 Ark. 165.

3. The complaint does not state a cause of action to justify a court of equity to set aside a judgment of another court. 37 Ark. 540. Appellant does not allege accident or mistake, and does not allege fraud in the pronouncement of the judgment, but in the filing of the claims. While chancery courts have jurisdiction of fraud, they do not relieve against accident or mistake unless the other party is without fault or carelessness on his part and has not lost his right to appeal through no fault of his own. If appellant desired to review the judgments, he lost his right to review by appeal or certiorari by its own carelessness and negligence. 61 Ark. 347 Courts of equity do not interfere for the correction of mere errors which might be corrected by appeal, or on account of irregularity in settlements, which, although illegal, have not been prompted by fraudulent intent, etc. 42 Ark. 186; 36 *Id.* 383. See also 93 *Id.* 234; 118 *Id.* 524; 93 *Id.* 14; 73 *Id.* 523; 90 *Id.* 166; 94 *Id.* 588; 103 *Id.* 446; 26 *Id.* 63; 33 *Id.* 575; *Ib.* 727; 68 *Id.* 495; 39 *Id.* 256; 128 *Id.* 639; 193 S. W. 503; 35 Ark. 107; 90 *Id.* 261; 104 *Id.* 303.

The court properly dismissed the complaint as to penalties. 95 Ark. 567; 132 *Id.* 173. The cause should be reversed on the cross-appeal for errors in the findings prejudicial to appellee. Cases *supra.*

McCULLOCH, C. J. Appellee was circuit clerk of Johnson County for two terms, beginning on October 31, 1912, and ending October 30, 1916. During his said terms he presented to the county court for allowance numerous accounts for services rendered in criminal cases pending in the Johnson Circuit Court, and the present action is one instituted against him in the chancery court of that county by the prosecuting attorney, in the name of the county, to set aside judgments allowing said claims, and warrants issued pursuant thereto, and to recover from appellee the amount of items in the accounts alleged to be fraudulent and illegal.

There are 388 paragraphs in the complaint, each relating to a separate account filed by appellee in the

county court, and it is alleged that each account set forth in the several paragraphs contains items which are specified, and which were either wholly unauthorized by law or were unfounded in fact, and that the allowances were obtained by fraud.  Appellee demurred to the complaint, but the demurrer was overruled and an answer was filed in which the allegations of fraud and illegality in the allowances were denied, but upon a hearing of the cause the court declared the law applicable to the issue in the case and referred the matter to a master to state an account as to the amount of items in appellee's account which were wrongfully allowed, according to the principles of law announced by the court. The master made his report, showing the following findings of fact concerning the allowances of the county court to appellee:

"Illegal fees allowed up to two years before the filing of the complaint........$829.80

"Illegal fees allowed within two years of the filing of the complaint in which warrants have been paid and canceled ........................................ 144.75

"Illegal fees allowed within two years of filing of complaint in which warrants have been issued but not canceled ........................................ 672.40

"Statement of penalties:

"Penalties on all claims allowed up to two years before filing of complaint ........................................ 2982

"Penalties on all claims allowed within two years before filing of complaint on which warrants have been paid and canceled ........................................ 966

"Penalties on claims allowed within two years before filing of complaint in which warrants have been issued but not paid........................................ 2046

"Total penalties ........................................ 5994"

Exceptions were filed by appellee, and the court rendered a final decree against appellee for the recovery of $829.80, the first item of the master's report. The item of $672.40 for fees allowed within two years of the commencement of this action as to warrants which had not been canceled was not embraced in the complaint, as we understand, and the court did not enter any decree thereon. The court decided in appellee's favor as to the other items reported by the master.

The appeal prosecuted by appellant challenges the correctness of the court's adverse ruling on the items mentioned in the master's report, and appellee has obtained a cross-appeal attacking the correctness of the item of $829.80, sustained by the court against him.

The first question which presents itself is the one raised by appellee's demurrer challenging the jurisdiction of the chancery court. It is said that the action is based on the provisions of the statute (Kirby's Digest, section 1888), which reads as follows:

"If any officer shall charge, demand or receive any more or greater fees for his services than are allowed by law, or shall demand, charge or receive any such fees without having performed the services for which the same are charged, such officer, for every such offense, shall forfeit to the party injured, or against whom the same may be charged, the amount of fees illegally charged, and five dollars for each item illegally demanded, charged or received, with cost, to be recovered by action, and shall also be subject to an indictment for extortion."

Learned counsel for appellant seek to sustain the action on the force of that statute and insist that the court erred in refusing to render decree for the penalty prescribed in that statute. We are of the opinion, however, that the statute in question has no application to suits by the county to recover for fees illegally demanded from the county by one of its officers. The statute was designed for the protection of individuals against whom extortionate demands are made by public officers.

Claims against a county for fees of such officers can only be collected by presentation to the county court for allowance, and that court passes judicially on the claims, which affords the county ample protection against unjust demands. It was not intended to prescribe a penalty for presenting to the county court a false claim. There is another statute (Kirby's Digest, section 1889) which penalizes such wrongful conduct on the part of a public officer and prescribes a different punishment from that prescribed in the statute just quoted.

It follows that the chancery court was correct in refusing to render decree for the penalty prescribed in this statute, but we think that the jurisdiction of the chancery court is sustained on other grounds.

In the case of *State, use Izard County* v. *Hinkle,* 37 Ark. 532, Chief Justice ENGLISH stated the rule on this subject as follows:

"An order of allowance made by the county court, may be reviewed or opened in several modes:

"*First.* By appeal to the circuit court.

"*Second.* It may be quashed on *certiorari* by the circuit court, where it appears from the face of the record that the claim allowed was not, by law, a charge against the county, and the court had no authority or discretion to allow it upon any evidence that might have been introduced.

"*Third.* The statute empowers the county courts, as often as once in three years, to call in all outstanding warrants, to examine and cause them to be renewed, if legally issued, and, if not, to reject them. Thus the Legislature has empowered county courts to review allowances made at previous terms, and, if made without authority of law, to reject warrants issued upon them, and also to reject warrants otherwise illegally or fraudulently issued.

"*Fourth.* An order of allowance may be opened in chancery, as any other judgment, for fraud, accident or mistake, on a proper case made."

In the opinion in that case there was no further elaboration of the jurisdictional grounds of ''fraud, accident or mistake.'' Undoubtedly the rule established by this court with respect to setting aside judgments of courts for fraud means fraud in the procurement of the judgment, and not merely fraud in the original cause of action. *Scott* v. *Penn,* 68 Ark. 492; *James* v. *Gibson,* 73 Ark. 440. There is, however, a modification of that rule with respect to the judgments of county courts in the allowance of claims against the county, and in the recent case of *Monroe County* v. *Brown,* 118 Ark. 524, we stated the law concerning the force and effect of judgments of county courts and the power to set them aside as follows: ''The statute is not construed to mean that the county court is authorized to review former judgments of the court for mere errors in the allowance of claims, but they are authorized to reject claims (warrants) which have been illegally or fraudulently issued. In other words, where the claim against the county was one which, under any evidence which might have been adduced, could not have been a valid claim against the county, or where the judgment of allowance was obtained by fraud, it may be set aside and warrants issued pursuant thereto canceled. However, to carry the review beyond that and to permit investigations for mere errors of the court, would make it purely a collateral attack on the judgment, which is not authorized by the statute.''

That case was one which came here on appeal from an order of the county court canceling warrants presented for reissuance, but it is applicable as a statement of the law relating to the effect of judgments of that kind, and the power to set aside such judgments of allowance is not confined to the statutory calling-in process, and can be exercised by any court acquiring jurisdiction on other distinct grounds for setting aside such judgments. The judgments of the county court as to items which were wholly unauthorized by law can be set aside in any court acquiring jurisdiction, and so can judg-

ments as to items which were allowed through fraudulent procurement. Jurisdiction of the chancery court is dependent on the inadequacy of a remedy at law. The statutory remedy in favor of the county for calling in the warrants and canceling them when found to have been wrongfully allowed is not adequate, for it may not be deemed advisable by the county court, or necessary, to make a general call for the reissue or cancellation of outstanding warrants. That remedy is, therefore, not necessarily an adequate one and does not bar remedy afforded in chancery.

The record shows that the county court called in the outstanding warrants of the county by order entered May 10, 1917, and August 11, 1917, was specified as the day for presentation of warrants to the court. The present action was instituted between those two dates, and there was a complete and adequate remedy for the correction of these wrongful allowances as to warrants which were outstanding at the time of the call. There was no adequate remedy at law, however, for the county as to warrants which had been paid, and the county was, therefore, entitled to a remedy in the chancery court for the correction of wrongful judgments of allowance.

Multiplicity of actions is another distinct ground for equity jurisdiction which appears in this action. *State* v. *Atkins*, 53 Ark. 303; *Place* v. *State*, 77 Ark. 328.

We are, therefore, of the opinion that the jurisdiction of the chancery court was complete, and that the demurrer of appellee was properly overruled.

The findings of fact of the master and of the court were in favor of appellant and the duty of abstracting the testimony in order to show that those findings were not sustained by the evidence falls on appellee in his attack on the cross-appeal.

It follows from what we have already said that the judgment of the court was correct as to all items for which there was no authority to allow as claims against the county.

The contention of appellee is that as to the other items, where there was legal authority for their allowance, but which are claimed to have been erroneous in fact, the evidence fails to show that there was any fraud practiced on the county court in procuring the allowances. Counsel for appellee abstracted the testimony of appellee himself and of the county judge, where it is shown that the accounts were made out upon customary blanks and that there was no concealment of fact, or fraud, in other words, practiced. We are of the opinion, however, that the fact that appellee was the clerk of the circuit court, and thus occupied a confidential relationship toward the county with respect to his duty in correctly keeping the records of the proceedings of the circuit court and the items for which fees were allowed, and that throughout his two terms he presented very numerous accounts containing illegal and incorrect items, showing that he was systematically padding his accounts, was sufficient to constitute such a fraud as would justify a court in setting aside such judgments allowed.

The court was, therefore, correct in allowing the item of $829.80 for illegal fees allowed up to two years before the commencement of this action. It should also have allowed the item of $144.75. The court seems to have based its ruling in refusing to allow those items on section 7174, Kirby's Digest, which reads as follows:

"When any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement, to reconsider and adjust the same."

That section, however, was part of the revenue statute, and only applies to the settlements of officers handling public money. It has no application at all to judgments allowing claims, for it does not contain any authority for a county court to set aside claims within the period named, or any other period.

Decree will be entered here for the sum of $144.75, in addition to the amount decreed against appellee by

the chancery court.  In all other respects the decree is affirmed.

HART, J., (dissenting).  The county court is the proper forum where the liability of the clerk is to be ascertained and an adjudication in that forum is conclusive against him except that the judgment may be opened up in chancery for fraud, accident, or mistake. The majority opinion recognizes that the rule with respect to setting aside judgments for fraud means fraud in the procurement of the judgment, but it is said that there is a modification of that rule with respect to the judgment of county courts in the allowance of claims against the county.  I think this overrules all our early cases bearing on the question.

The case of *Monroe County* v. *Brown,* 118 Ark. 524, is cited to sustain the opinion of the majority.  It seems to me that this case takes exactly the contrary view. In discussing the question it cited the cases of *State* v. *Perkins,* 101 Ark. 358, and *Fuller* v. *State, for the use of Craighead County,* 112 Ark. 91.  In the former case the State brought a suit in equity against a collector of taxes to set aside, on account of fraud, a judgment of the county court confirming his settlement as collector of the county and to recover the balance due from him. It was alleged and proved that the collector retained as his commission for service 5 per cent. on the amount collected instead of 3½ per cent. and that this gave the chancery court jurisdiction on the ground of fraud.  The court held that the county court had jurisdiction to examine the settlement made with the collector and that its judgment confirming the settlement was conclusive of its correctness.  The court held that there was no fraud practiced on the county court in securing the confirmation of the collector's settlement and affirmed the judgment of the court below dismissing the bill of the State for want of equity.

In the latter case the court held that a county treasurer was not entitled to a commission on the sale of the

bonds of a drainage district and that the allowance of a commission therefor was a fraud in law against which equity would relieve. The court referred to the case of *State* v. *Perkins, supra,* and said that the county court's error in that case consisted in computing the commission of the collector at 5 per cent. on each separate fund instead of computing it upon the aggregate collection from the graduated basis fixed by the statute. The court recognized that this was an error which should have been corrected by appeal.

In the case of *Izard County* v. *Vincennes Bridge Co.,* 122 Ark. 557, the court recognized these principles of law and expressly held that the county court in calling in warrants was not authorized to review its former judgment for mere errors in the allowance of claims. Hence I cannot agree with that part of the majority opinion which holds that there has been a modification of the well-established rule above set forth.

Again I do not agree with the opinion of the majority which holds that the testimony was sufficient to constitute such a fraud as would justify a court in setting aside the judgment of a county court. I refer to the following language: "We are of the opinion, however, that the fact that appellee was the clerk of the circuit court, and thus occupied a confidential relationship toward the county with respect to his duty in correctly keeping the records of the proceedings of the circuit court and the items for which fees were allowed, and that throughout his two terms he presented very numerous accounts containing illegal and incorrect items, showing that he was systematically padding his accounts, was sufficient to constitute such a fraud as would justify a court in setting aside such judgments allowed."

I presume the language quoted is thought to bring the case within the principle announced in *Place* v. *State,* 77 Ark. 328. In that case suit was brought by the State against the county clerk and the bondsmen on separate bonds for three successive terms. The court said: "The county clerk is the custodian of the books of the county

and the keeper of the various accounts of the county with himself, as well as with all others who have dealings with the county. It is here alleged that the clerk presented and procured the allowance of improper and fictitious accounts, fraudulently issued scrip to himself upon fictitious allowances and upon judgments or allowances which he had fraudulently raised in amount, and that the accounts kept by him are so complicated that it is impossible to point out and designate the various items, or ascertain the liability of the respective bondsmen without the aid of a court of equity and the reference to a master.

"We think these allegations are sufficient to give a court of equity jurisdiction, and justify a joinder of the several sureties in one suit."

The jurisdiction of the chancery court in that case was based on the fact that his accounts ran through three successive terms, and as kept by him were so complicated that it was impossible to ascertain the liability of the respective bondsmen without the aid of a court of equity. No such allegations or proof are made in the present case. The facts bring it squarely within the rule announced in *State* v. *Perkins, supra.* There as here, it was urged that chancery has jurisdiction on the ground of fraud. It was pointed out that the collector and his deputy, who had had experience in making such settlements, and the judge of the county court, all knew that the clerk was charging 5 per cent. commission, and being allowed credit therefor at the time the settlement was made and confirmed.

The court held that this did not constitute evidence of any fraud or concealment practiced upon the court to procure the confirmation of the settlement. So here the record shows that there was no concealment made by the clerk. He exhibited his accounts to the county court and made a full statement to the court of what charges he thought he was allowed under the statute, and the court was fully advised in the matter when he confirmed the settlement. This is shown both by the testimony of

the circuit clerk and of the presiding judge of the county court. It seems to me that the opinion of the majority takes away from the judgment of the county court confirming settlements with county officers the conclusiveness which has heretofore been given them.