Shaver, Commissioner, v. Lawrence County et al.

SHAVER, COMMISSIONER, v. LAWRENCE COUNTY ET AL.

1. PARTIES: *Agents.*

An agent without interest, and against whom there is no charge of fraud connected with the transaction, ought not to be made a party to the suit.

2. JURISDICTION: *Action against other counties.*

The Circuit Court of Sharp County, which was carved out of Lawrence County, has no jurisdiction, either of Lawrence County or of the subject matter of the suit in an action by Sharp County against Lawrence County, for her *pro rata* of the internal improvement fund on hand in Lawrence County. The original jurisdiction is exclusive in the county court of Lawrence County to audit, settle and pay the claim.

3. SAME: *Same: Appeal: Change of venue.*

The county court of each county has exclusive original jurisdiction to audit, settle and order the payment of all demands against the county. If it refuses to act it will be compelled to by mandamus. If it rejects the claim or allows too small an amount, its action may be reviewed on appeal; and from the circuit court the claimant may take a change of venue to another county, if he believes he cannot get justice from a jury of the defendant county.

APPEAL from *Sharp* county in equity.

Hon. R. H. POWELL, Circuit Judge.

*J. L. Abernethy* for appellant.

The court had jurisdiction. Two of the appellees reside in Sharp County, and part of the subject matter exists in said county. The liability of Lawrence accrued prior to the act of 1879, repealing *secs. 937–8–9* and *4516 Gantt's Digest;* and a law which abrogates all remedy is inoperative, and is to that extent unconstitutional. (*1 Hempstead, 533.*) But, be that as it may, appellees entered their appearance by consenting to a postponement and by filing their demurrer. *4 Ark., 70; 14 Ark., 234,* etc.

The court had jurisdiction of appellees at the filing of the complaint. The county court of Lawrence County had no jurisdiction of the subject matter of the action. The commissioner had filed his final report and had been discharged. The powers of county courts are statutory and are strictly construed. The power to audit and settle claims for and against a county must be confined to such claims as the county had authority to contract. *English & Wilshire v. Chicot County, 26 Ark., 454.*

An internal improvement commissioner of Lawrence County is the only one vested by law with power and authority to audit and make settlement of said fund for and in behalf of the two counties. (*Gould's Digest, chap. 101, secs. 43, 711.*) Lawrence County had no such commissioner at the time of filing the complaint, and a large portion of said fund had been improperly paid into the treasury of said county. The remaining portion had been abandoned by that county.

A court of equity has jurisdiction. The statute fixes it. Circuit Courts have original jurisdiction of all actions and proceedings for the enforcement of civil rights or redress for civil wrongs, except when exclusive jurisdiction is given to other courts; and jurisdiction as courts of equity in all cases when adequate relief can not be had by ordi-

nary proceedings at law. (*Gantt's Digest, secs. 1182, 1183.*) Lawrence County, in equity, holds Sharp County's interest in said fund as a trust, which a court of equity alone can protect and enforce.

There is no commissioner to enforce the collection of the outstanding claims abandoned by appellee Lawrence County, and in the hands of appellees, Wilson and Huddleston. A court of equity alone can authorize and enforce the collection of the same, and then distribute the fund arising therefrom, according to the respective rights of the parties. It is necessary for an account to be taken; no settlement in this case can be had without a marshaling of assets.

It was improper to pay this fund into the Lawrence County treasury; it is there without authority of law, and in disregard of the purpose of the gift and the law of distribution. To say the very least, it was paid in there by mistake—a mistake against which a court of equity alone can grant relief.

SMITH, J. By act of Congress approved September 4, 1841, the United States granted to the State of Arkansas 500,000 acres of land for purposes of internal improvement—the building of roads, railways, bridges and canals, and the improvement of water-courses and drainage of swamps. By subsequent legislation of this State, the proceeds arising from the sale of these lands were directed to be divided among the several counties. And it was further provided that, when a new county was established and an internal improvement commissioner had been elected, the commissioner of the county or counties out of which the new county had been formed, should pay over, on demand, to the commissioner of the new county a proportional dividend of such fund as it or they had received, and

which remained unexpended at the time of the formation of the new county. *Gould's Digest, ch. 101, art. 3, secs. 27, 43.*

In 1868 the county of Sharp was created, being carved out of the territory of Lawrence.

The present bill was filed January 8, 1881, by the internal improvement commissioner of Sharp, who was appointed to the office by the county court of his county. It alleges that at the date of the creation of Sharp County there was an internal improvement fund belonging to the parent county, consisting of notes and bonds and amounting to several thousand dollars; that the records of Lawrence County show nothing in relation to this fund, after the establishment of the new county, until the year 1872, when a commissioner was appointed and the fund turned over to him; that in January, 1873, said commissioner filed his report, showing a balance in his hands of $2,857.96, to one-half of which Sharp is justly entitled; that said commissioner afterwards collected a part of said notes and bonds and paid the same into the treasury of Lawrence County, and the residue of said fund, consisting of notes against solvent parties residing in Sharp County, he had placed in the hands of the defendants, Huddleston and Wilson, as his agents, for collection, and that said claims had been prosecuted to judgment; but nothing had been realized and the judgments remained unpaid.

The bill further stated that in the year 1876 the internal improvement commissioner of Sharp had made demand upon the commissioner of Lawrence County for a settlement and division of said fund; but the demand was not complied with, and shortly thereafter the last-mentioned commissioner had made his final report and resigned; since which time the office had been vacant.

The purpose of the bill was to recover Sharp's due pro-

portion of this fund, and to this end there was a prayer for an account and for authority to enforce collection of the outstanding claims alleged to have been abandoned by Lawrence County.

This bill was dismissed upon a demurrer which challenged the jurisdiction of the court and the sufficiency of the bill to state a cause of action. ·

Under the Code of Practice a transitory action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned. (*Gantt's Digest, sec. 4545*.) Here two other defendants were joined, whose residence was in Sharp County. But it is apparent, from an inspection of the bill, that Huddleston and Wilson had no interest in the suit. No relief was prayed against them, and no decree could have been rendered against them, not even for costs. They were mere agents of a former commissioner of Lawrence County; and an agent without interest against whom there is no charge of fraud connected with the transaction, ought not to be made a party. (*Gartland v. Dunn, 11 Ark., 721; Goodman v. Moore, 22 Ib., 192*.) The demurrer must then be determined as if Huddleston and Wilson were no parties to the record. For jurisdiction cannot be acquired in such cases by inserting a fictitious defendant, against whom the plain'iff is not entitled to a judgment. *Randall v. Shropshire, 4 Metc. (Ky.), 3.27*.

Considering Lawrence County as the sole defendant, it is obvious that the Circuit Court of Sharp had no more jurisdiction than the Circuit Court of any other county in the State where the suit might have been begun and a writ issued to Lawrence County. A county can not be sued alone in any other State court, except one which sits within its own borders, for nowhere else can it be served with process.

*[margin note:]* 1. PARTIES: Agents:

It follows that the Sharp Circuit Court had no jurisdiction over Lawrence County. And we are also of opinion that it had none over the subject-matter of the suit. The county court of each county has exclusive original jurisdiction to audit, settle and direct the payment of all demands against the county. (*Mansfield's Digest, sec. 1407.*) And by act of February 27, 1879, the Legislature expressly repealed all laws declaring counties to be corporations, and forbade suits against them except in the county court. Whatever may be the effect of this last-mentioned act upon the jurisdiction of the Circuit Court in actions upon liquidated demands, as in *Pulaski County .v. Reeve, 42 Ark., 54,* where a county had issued its bonds, yet the claim must begin in the county court, where a liquidation, adjustment or apportionment of the demand, as in this case, must first be had, before any judgment can be rendered. If that tribunal declines to act at all upon the claim, it may be set in motion by a mandamus. If it rejects the claim or allows too small an amount, its action is subject to review on appeal. And when the case reaches the Circuit Court, if the claimant believes he cannot have a fair and impartial trial before a jury of the defendant county, doubtless he may change the venue, under *chapter 153 of Mansfield's Digest.*

Decree affirmed.