## GLADISH *v.* LOVEWELL.

### Opinion delivered July 11, 1910.

1. EQUITY—JURISDICTION OF COURTS OF CHANCERY.—While the Legislature was vested by Const. 1874, art. 7, § 15, with power to create courts of chancery and to vest such courts with jurisdiction "in matters of equity," it has no authority to enlarge their jurisdiction when created. (Page 620.)

2. SAME—JURISDICTION TO OUST OFFICER.—Equity has no jurisdiction to oust the incumbent of a public office whose title thereto has been forfeited for any cause. (Page 621.)

3. SAME—ENLARGEMENT OF JURISDICTION.—Kirby's Digest, § § 7199, 7201, authorizing a taxpayer to bring suit in chancery against an officer who has corruptly deprived the State or any county of its just revenues and providing that if the officer shall be found to have defrauded the State or any county he shall be ousted from office, is unconstitutional in so far as it confers jurisdiction on the chancery court. (Page 621.)

4. SAME—SUIT FOR ACCOUNTING BY TAX COLLECTOR.—A suit by a taxpayer against a tax collector to compel the latter to account for taxes collected by him will not lie in equity, in the absence of an allegation of refusal of the proper officers to sue. (Page 621.)

Appeal from Mississippi Chancery Court, Osceola District; *Edward D. Robertson,* Chancellor; affirmed.

*W. J. Driver* and *J. T. Coston,* for appellant.

The statute of limitation does not run against the State. 13 Wall. 99; 98 U. S. 489; 16 Tex. 305; 21 Tex. 753; 27 Tex. 32; 14 S. W. 251; 124 S. W. 389; 94 S. W. 1014; 79 N. E. 580; 96 Pac. 673; 52 S. W. 516; 33 S. E. 328; 2 Ill. 106; 37 Ala. 495; 34 Ia. 85; 90 Ind. 359; 12 La. Ann. 645; 26 *Id.* 243; Kirby's Dig. § 7039; *Id.* 7040. The complaint stated a cause of action. 24 Ark. 147; 58 Ark. 599; 15 Pac. 295; 55 Pac. 579; 53 N. E. 1049; 14 S. W. 668; 46 S. W. 625; 67 S. W. 693; 63 Ark. 568. If the statute of limitation runs at all against the right of the taxpayer to maintain this suit, it does not begin until two years have elapsed since the filing of the collector's settlements. Kirby's Dig. § 7174; 16 Ark. 480; 49 Ark. 317; 30 Ark. 604; 21 Ark. 99; 160 Fed. 611; 116 N. W. 82; 61 N. W. 1096; 103 Ill. App. 333.

*W. J. Lamb,* for appellee.

The statute of limitation does run against a county. 65 Pac. 710; 56 Pac. 254; 39 Ark. 262; 54 Ark. 168; 41 Ark. 45;

58 Ark. 151; 37 Ala. 495; 56 Tex. 520; 62 Tex. 16; 22 Mo. 525; 56 O. St. 165; 58 Ala. 569; 62 S. W. 557; 63 S. W. 155; 52 Kan. 622. The right to prosecute this action is barred. 46 Ark. 35; 35 Ark. 555; 33 S. W. 80.

HART, J. This appeal is prosecuted from a decree of the Mississippi Chancery Court for the Osceola District, sustaining a demurrer to, and dismissing, the complaint of the plaintiff, S. L. Gladish, a taxpayer of said county, in a suit filed by him on the 11th day of September, 1909, against John A. Lovewell as collector of said county and the sureties on his bond.

The complaint alleges, in substance, the following: That, at the general election held in 1902, John A. Lovewell was elected sheriff of Mississippi County, Arkansas; that he duly qualified and served as such sheriff for the term for which he was elected; that in 1904 said John A. Lovewell was again elected and served as such sheriff for the term for which he was elected; that, during the entire period of time he served as such sheriff by virtue of his office, he qualified and acted as collector of taxes for said county; that said John A. Lovewell, while acting and serving as such collector, collected certain taxes, for which he corruptly failed to account in his settlements with the county court of said Mississippi County.

The prayer of the complaint is that a master be appointed to take proof and report the amount of his shortage; that plaintiff be granted a decree therefor, and for general relief.

Counsel for the plaintiff states that the action was brought under section 7199 of Kirby's Digest. It reads as follows:

"If any taxpayer in any county in this State shall have knowledge of such corruption in office, whereby the State of Arkansas, or any county therein, has been deprived of its just revenues, he shall have the right, in his own name, as a taxpayer, to institute legal proceedings against such officer by a petition to the circuit judge sitting in chancery, setting forth the facts and nature of such corrupt acts, together with exhibits and proofs, and the same shall be verified by affidavit of the petitioner, and, upon ten days' notice to the defendant, the cause shall proceed as other causes, but shall be heard, tried and determined at the first court after the same shall have been filed; provided the required notice shall have been given."

The two succeeding sections bearing on the question are as follows:

"Sec. 7200. The proceedings authorized by this act shall be summary; but, if it shall appear to the court that the ends of justice require it, a continuance may be granted to either party to the next term of the court, but not thereafter; and the party to whom the continuance is granted shall be required to enter into additional bond, the amount to be fixed and the security to be approved by the court."

"Sec. 7201. Upon such trial, if it shall appear that the official acts of such officer are corrupt and fraudulent, and by such acts and doings he shall have defrauded the State of Arkansas, or any county therein, of its just revenues, a decree shall be entered against him, ousting him of his said office, and declaring the same to be vacant, and for all moneys which he may have unlawfully detained; but if, upon the hearing of the said cause, it shall appear that the defendant is not guilty, and has not committed the fraudulent acts complained of, and that the State and county have not been deprived of their revenues as complained of by the petitioner, a decree shall be entered according to the facts, and also a decree shall be entered against the petitioner and his securities for any sums of money which the defendant may have actually lost by reason of said proceeding." (Act of March 18, 1897.)

We are of the opinion that the chancery court had no jurisdiction. The statute provides that the suit shall be brought at the instance of a taxpayer, and that the proceedings shall be summary. The primary object of the suit under the statute is to oust the collector from office, if it shall appear that the official acts complained of are fraudulent; and the decree for the moneys which he may have unlawfully detained is a mere incident to the main suit.

"Until the General Assembly shall deem it expedient to establish courts of chancery, the circuit courts shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court, in such manner as may be prescribed by law." Constitution of 1874, art. 7, § 15.

In construing a similar provision of the Constitution of 1836, this court held that it meant such jurisdiction as a court of

chancery could properly exercise at the time of the adoption of the Constitution. *Hempstead* v. *Watkins,* 6 Ark. 317.

Hence it follows, as held in the case of *Hester* v. *Bourland,* 80 Ark. 145, that, while the Legislature is vested with power to create courts of chancery, and to vest such chancery courts with jurisdiction "in matters of equity," it has no power to enlarge their jurisdiction when created.

Equity has no inherent power to oust an incumbent whose title to the office has been forfeited by misconduct or other cause. Quo warranto is the proper remedy in such cases unless the Legislature by express enactment or by necessary implication has placed the jurisdiction elsewhere. Mechem on Public Officers and Offices, § 478, and cases cited.

In this State the Legislature could not confer such jurisdiction upon the chancery courts for the reason that equity had no such jurisdiction when our present Constitution was adopted. *Hester* v. *Bourland, supra;* 5 Pomeroy's Equity Jurisprudence, § § 333, 337.

The reason for the rule is that such cases involve political rights, with which equity has nothing to do.

The statute in question conferred the jurisdiction upon the circuit judge, sitting in chancery. That is to say, it conferred the jurisdiction in such cases upon the circuit court when it exercised chancery jurisdiction.

Having determined that there was no jurisdiction in equity at the time of the adoption of our present Constitution to oust an incumbent from office and that being the source of jurisdiction in the present case, the action of the court in sustaining the demurrer was right.

It is conceded that this suit was brought under section 7199 of Kirby's Digest; and the general jurisdiction of courts of equity can not be invoked because there is no allegation in the bill of the refusal of the officers, whose duty it is to bring suits like this, to act in the matter. *Griffin* v. *Rhoton,* 85 Ark. 89.

The decree will therefore be affirmed.