BIG GUM DRAINAGE DISTRICT v. CREWS.

Opinion delivered May 7, 1923.

1. EQUITY—JURISDICTION TO CORRECT MISTAKES.—The original jurisdiction of equity to correct mistakes was not divested by the statute granting to the county courts the power to readjust the settlements of the county collector at any time within two years (Crawford & Moses' Dig., § 10125).

2. EQUITY—BILL TO CORRECT MISTAKES IN COLLECTOR'S SETTLEMENT —LIMITATION.—A bill in equity to correct mistakes in a collector's settlement was not barred in two years, Crawford & Moses' Dig., § 10165, having no application.

Appeal from Clay Chancery Court, Eastern District; *Archer Wheatley,* Chancellor; reversed.

STATEMENT OF FACTS.

The Big Gum Drainage District brought this suit in equity against Geo. R. Crews to recover $217.15, which it is alleged that he, as sheriff and collector of Clay County, Ark., collected as drainage taxes, and by mistake failed to account to the district therefor.

The defendant denied the allegations of the complaint, and also pleaded that the claim is barred by the statute of limitations because more than two years elapsed from the time of the settlement of the collector with the county court and the bringing of this suit.

It appears from the record that the Big Gum Drainage District was duly organized under the laws of the State in 1915, and that the sheriff and collector of Clay County in 1917 collected the drainage assessments for the year 1916.   In his settlement with the county court Geo. R. Crews, as collector, failed to account for the amount of drainage taxes collected in Clay County shown and extended on one page of his settlement. The recapitulation of his settlement with the county court shows that page 10 was left out entirely, and that the amount of drainage taxes collected by him, as shown by that page, amounted to $217.15.   This fact is clearly established by several witnesses, and is practically undisputed. The deputy collector for Mr. Crews admitted to one of

the directors of the drainage district that he knew of the mistake, and that he would take care of it in his next settlement with the county court. Crews failed to correct the mistake in his next settlement with the county court, and more than two years elapsed between the date of the approval of his settlement and the institution of the present suit.

The finding and decree of the chancery court were in favor of the defendant, Crews, and the plaintiff, Big Gum Drainage District, has duly prosecuted an appeal to this court.

*C. O. Raley* and *F. G. Taylor,* for appellant.

The collector is required to pay the taxes collected for drainage district to the county treasurer at the same time he pays the county funds. Secs. 3618, 10123, 10128, 10129, 10086. Settlement of collector with county court for assessment collected for drainage districts not governed by laws relating to collection of revenues. Secs. 10123, 3618, C. & M. Digest; 59 Ark. 513; 87 Ark. 8; 25 Cyc. 1164, and note 26. Appellee was often notified of the mistake and shortage, repeatedly promised to make settlement thereof, and did not deny that a mistake was made or repudiate the claim until a few days before suit was commenced. The statute of limitations did not begin to run until the trust was repudiated, and appellee was estopped from pleading the statute. 130 Ark. 402; 134 Ark. 251. The account rendered appellee, after approval of his settlement and his agreement to pay, became an account stated. 47 Ark. 541.

*Costen & Harrison,* for appellee.

The settlement of the collector for the drainage taxes collected was duly made and approved by the county court, and any error committed or mistake made can not be required corrected but within two years from the date of settlement. Secs. 3618, 10123, 10125, 10128 10129, 10165, Crawford & Moses' Digest; 116 Ark. 354. The judgment of the county court confirming the settlement is conclusive of its correctness, and the chancery

court could not open or vacate said judgment except for fraud.  49 Ark. 311; 101 Ark. 358.

HART, J., (after stating the facts).  The decision of the chancery court was wrong, because this is an independent suit in chancery, and was not a statutory proceeding.  Under § 10125 of Crawford & Moses' Digest it was the duty of the county court to examine the settlement of the county clerk with the collector, and to approve the same, if found correct.

Sec. 10165 of Crawford & Moses' Digest provides that, whenever any errors shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement, to reconsider and adjust the same.

Geo. R. Crews, as collector of Clay County, duly made a settlement with the county court for the drainage taxes collected by him in 1917, and his settlement was approved by the county court.  More than two years elapsed after the approval of the settlement before the present suit was instituted.  Hence it is sought to uphold the decree of the court below, notwithstanding the fact that the record clearly shows that the amount sued for in the present suit was left out of the settlement of the collector with the county court by mistake.

The present suit, however, is not a proceeding in the county court to reopen the settlement of the collector and to adjust the same under the statute.  It is a proceeding in equity, independent of the statute, to recover the amount of drainage taxes collected by Crews and which he, by mistake, failed to account for.

A court of equity always had original jurisdiction to correct mistakes where the mistake is established by competent and satisfactory proof.  *State* v. *Turner*, 49 Ark. 311.

The original jurisdiction of equity to correct mistakes was not divested by the statute granting to the county court the power to readjust the settlements of the

county collector at any time within two years. *Gladish v. Lovewell,* 95 Ark. 618, and *German National Bank v. Moore,* 116 Ark. 490.

As we have already seen, the record clearly shows that the collector, by mistake, omitted one page of the drainage taxes collected by him in 1917 for the year 1916, and failed to account to the drainage district therefor. This amounted to $217.15. There are two other small items which he failed to account for in the same settlement.

It follows that the chancery court erred in not granting the relief prayed for in the complaint, and for that error the decree will be reversed, and, inasmuch as the case has been fully developed, the chancellor will be directed to grant the relief prayed for in the complaint.

It is so ordered.