SIMS v. CRAIG.

Opinion delivered June 21, 1926.

1. COUNTIES—ACCOUNTING OF PUBLIC FUNDS.—In an action to surcharge and correct the accounting of a county treasurer, where the complaint alleged that errors and fraud therein were not discovered by the use of ordinary diligence until more than two years after settlement with the county court, the chancery court is the proper forum, under Crawford & Moses' Dig., § 10165.

2. COUNTIES—ACCOUNTING OF PUBLIC FUNDS.—Unintentional errors or mistakes in accounting of county officers, resulting in loss to the county, may be corrected within two years after the settlement by the county court, and such errors may likewise be corrected by the chancery court after the expiration of two years and before the expiration of five years from the time of such settlement.

3. LIMITATION OF ACTIONS—ACTIONS NOT SPECIALLY PROVIDED FOR.—After five years from the time of settlement of a county treasurer, a cause of action to surcharge and falsify his account is barred by Crawford & Moses' Dig., § 6960.

4. COUNTIES—ACCOUNTING OF PUBLIC FUNDS.—A taxpayer's action to surcharge and falsify the accounts of a county treasurer for the benefit of the county is in effect the same as an action by the county or by the State for the use of the county.

5. LIMITATION OF ACTIONS—ACTIONS BY COUNTIES.—The statute of limitations applies to actions by individuals or by the State for the benefit of a county to surcharge and falsify the accounts of a county treasurer.

6. LIMITATION OF ACTIONS—TIME OF ACCRUAL.—The right of action of a county to surcharge a settlement of a county treasurer for accident, fraud or mistake accrues upon the approval of the settlement, unless he was guilty of some fraud or concealment in making the settlement.

7. LIMITATION OF ACTIONS—PLEADING IN ANTICIPATION OF DEFENSE.—Since the law requires that all county warrants be numbered

and show the date of issue, name of payee and amount, allegations, in a complaint to falsify the settlement of a county treasurer, that the treasurer took credit for warrants previously credited to him do not show that the fraud could not have been discovered by the exercise of diligence nor toll the five-year statute of limitations (Crawford & Moses' Dig., § 6960).

Appeal from Prairie Chancery Court, Northern District; *John E. Martineau,* Chancellor; affirmed.

*Cooper Thweatt* and *John D. Thweatt,* for appellant.

*Emmet Vaughan, Trimble & Trimble,* and *Gregory & Holtzendorf,* for appellee.

WOOD, J. This is an action brought in the chancery court of Prairie County by J. F. Sims, a qualified elector and taxpayer of the county, against one Geo. W. Craig and Lloyd Eddins. The appellant alleged in substance that Craig was elected on November 7, 1916, to the office of treasurer of Prairie County, and duly qualified and entered upon his duties as such; that he filed a settlement as treasurer of the county with the county court of Prairie County on July 1, 1918, which was passed on by the county court and approved, and confirmed by such court on September 2, 1918; that said settlement was false and fraudulent in that on October 29, 1917, Craig, as treasurer, received from the State of Arkansas the sum of $172.78 for the payment of nomination fees which should have been placed to the credit of the general county fund, but which Craig instead appropriated to his own use; that Craig also, as treasurer, had received money from the Farmers' & Merchants' Bank of Des Arc, Arkansas, for interest on county funds deposited therein amounting in the aggregate to $352.97, which amount should have been placed to the credit of the county general fund, and instead the said Craig, as treasurer, appropriated to his own use; that Craig paid off certain warrants and took credit for the same by covering a period of time up to and including June 30, 1917, and also took credit for the same warrants in his settlement covering a period of time ending June 30, 1918, thereby taking credit twice for the same warrants. These warrants amounted in the

aggregate to $5,776.42; that in his final settlement with the county court, filed on January 1, 1919, covering a period ending December 31, 1918, he showed all the moneys received and disbursed by him and the amount of money left in his hands as treasurer due his successor in office. This final settlement was in all things approved and confirmed by the county court on October 7, 1919. The complaint alleged that this final settlement was false and fraudulent, and a fraud was practiced on the court by including the former fraudulent settlements, as alleged, which final settlement resulted in Craig's taking credit to himself in the sum of $340.10, which amount in his hands belonged to the county and should have been credited to the general fund of the county, but which instead was appropriated by Craig to his own use. Sims alleged that the fraud perpetrated on the county court of Prairie County could not have been discovered by the use of ordinary diligence, and was not discovered until a short time prior to the institution of this suit, when an audit of the treasurer's books was made; that these settlements with the county court were had more than two years prior to the institution of this action, and the county court therefore did not have jurisdiction to correct the errors in the settlement, and that relief could only be had in a court of chancery to surcharge and falsify the settlements of the accounts of Craig as treasurer with Prairie County. The prayer of the complaint is that the settlements of the county court with Craig be reviewed for fraud in the procurement thereof and that the same be readjusted, and that Sims have judgment for the use and benefit of the county for the amounts found to be due by Craig, together with penalty and costs. The complaint was filed and summons issued January 8, 1925.

The answer denied specifically all allegations of the complaint as to the fraudulent settlements with the county court. The defendant admitted that certain warrants listed in the complaint were received by him and returned as a credit for a period of time ending in 1918. He

alleged that, if the amount of the warrants was not correctly added, the mistake occurred by failure to list warrants which he was entitled to credit for, which was an error against which the statute of limitations had run; that the evidence of such mistake had been destroyed, rendering it impossible for the defendant to defend the charge. The defendant alleged that all warrants that had been presented to him through the collector's office were paid and filed with the county clerk, and checked by him, and were then passed to the county judge, and were by him stamped "Redeemed." The warrants were then filed away by the county clerk and were later checked by the commissioners of accounts, and then rechecked by the county judge and found to be correct, and then were burned by the commissioner and the county judge; that this method of checking and rechecking the warrants paid by the defendant, for which he received credit, rendered it impossible for him to use and receive credit for the warrants a second time; that it was impossible for him to have used the warrants a second time, because there was no money in the treasury sufficient to pay them a second time. Defendant alleged that, if fraudulent warrants were presented to and received by him, he received them through mistake, believing them to be genuine, and that the statute of limitation had now run against such mistake. He pleaded the statute of limitations against the plaintiff's alleged cause of action. The defendant also filed a separate demurrer to the complaint in which he alleged that the complaint on its face showed that it was barred by the statute of limitation, in that the matters and facts set forth as alleged fraudulent settlements with the county court occurred five years before the filing of the complaint herein, and that the complaint did not allege facts sufficient to take the cause out of the operation of the statute of limitation; that the alleged fraudulent acts occurred prior to December 31, 1918, when the defendant filed the statement of his account with the county; that the complaint was in the nature of a collateral attack upon the judgment of the

county court approving and confirming the statement of the defendant as treasurer of Prairie County, rendered October 7, 1919, and that the remedy of the plaintiff, if any, was by appeal from that judgment to the circuit court. The decree of the trial court recites that the cause was submitted to the court on the complaint of the plaintiff, the answer and demurrer of the defendant, and the separate demurrer of the defendant, and the court sustained each of said demurrers; that the plaintiff duly excepted to the ruling of the court, and refused to plead further, and stood on his complaint, which was thereupon dismissed for want of equity, and judgment entered in favor of the defendant for costs, from which is this appeal.

1. It will be observed that more than five years elapsed from the time of the approval by the county court of the final settlement of the appellee, George W. Craig, with the county court to the institution of this suit on January 8, 1925. Our statute on the limitation of actions, ch. 111, C. & M. Digest, after enumerating various actions and specifying the time in which same may be brought, and not thereafter, contains this general provision:

"Section 6960. All actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued."

The action under review comes within the above provision. It is alleged in the complaint that the alleged errors and fraudulent settlement of appellee Craig were not discovered and could not have been discovered by the use of ordinary diligence until a short time prior to the institution of this action. Therefore the alleged errors and fraud could not have been corrected by the county court itself under the authority of § 10165 of C. & M. Digest, and the chancery court was the proper forum for the correction of such errors and the granting of the relief prayed for in the appellant's complaint. *State v. Turner,* 48 Ark. 311, 5 S. W. 302; *State v. Perkins,* 101 Ark. 364, 142 S. W. 515; *Fuller v. State,* 112 Ark. 91, 164

S. W. 770.  See also *Johnson County* v. *Bost,* 139 Ark. 35, 213 S. W. 388.

While this court has held that errors caused by fraudulent settlements of officers handling the public revenue may be corrected and relief granted against such settlements after two years have expired from the date of such settlements, we have not held in any case that a suit to correct mere errors in the settlements of revenue officers with the county courts, in the absence of fraud perpetrated upon that court, could be brought and maintained after the expiration of the five-year period of limitation prescribed by § 6960, *supra.* Unintentional errors or mistakes in accounting resulting in loss to the county would be a legal fraud upon the county, and all such errors may be corrected within two years after the settlement, under the provisions of § 10165, *supra,* by the county court itself, and such errors might likewise be corrected by the chancery court after the expiration of the two years and before the expiration of five years from the time of such settlement. But, after the expiration of five years from the time of such settlement in the county court, the cause of action to surcharge and correct such accounting or settlement in the chancery court is barred. Unless the five-year statute of limitation is thus made to apply in the case of officers making settlements with the county court, such officers could have no repose whatever against any mistakes in their accountings and settlements, and their bondsmen would likewise have no repose against such mistakes. Section 6960, *supra,* comprehends every character of action not embraced in those before enumerated, and there is no authority for the courts to make exceptions in the case of officers handling the public revenue and their bondsmen. Officers and their bondsmen are as much entitled to this provision of the statute as any others embraced therein, and the statute is comprehensive of all character of actions except those thereinbefore specifically enumerated.

The action by the appellant is for the benefit of the county, and in legal effect is the same as an action by the county itself, or by the State for the use of the county. As is said in *People* v. *Van Ness*, 76 Cal. 121, 18 P. 139, "the statute of limitations is as applicable to actions like the one at bar brought by the State as to those brought by private persons, and public officers and their bondsmen cannot be harassed by suits brought after the statutory period of limitation has expired." In *State ex rel. Board of Commissioners of Fountain County* v. *Stuart,* 91 N. E. 613 (46 Ind. Appeal 611), it is held: "In actions for the benefit of a county against an officer thereof, the statute of limitations applies the same as between individuals." *People for the use of Knox County* v. *Davis,* 157 Ill. App. 438; *Knox County* v. *Rebstock,* 157 Ill. App. 440; *Board of Commissioners Woodward County* v. *Willett,* 152 Pac. 365, L. R. A. 1916E, 92.

Our own court has held that municipal corporations are bound like individuals by the statute of limitations. See *Fort Smith* v. *McKibbin,* 41 Ark. 45; *El Dorado* v. *Grocery Co.,* 84 Ark. 104, 104 S. W. 549; *Clark* v. *School District No. 16,* 84 Ark. 516, 106 S. W. 677.

2. Since the five-year statute of limitations (§ 6960 *supra*) is applicable to actions of this character, the next question is, when did the cause of action, if any, accrue? The right of action to surcharge in the chancery court for accident, fraud or mistake, settlements of the county treasurer with the county court, accrues within five years from the time such settlements are made and approved by the county court. *Blackwell* v. *Fidelity & Deposit Co.,* 173 S. W. (Ky.) 321. The complaint alleges that final settlement was filed with the county court of Prairie County by the appellee Craig as treasurer thereof on January 1, 1919, and the same was confirmed and approved by such court on October 7, 1919. Thus more than five years had elapsed between that time and the institution of this action on January 8, 1925.

3. So the issue here, in its final analysis, on the demurrer is whether or not the complaint alleges facts

sufficient to toll the statute of limitations. Any error, innocent or intentional, on the part of the treasurer in making the statement of his accounts and final settlement thereof with the county court, as we have seen, could have been corrected by the county court itself within two years after the date of such settlement. Section 10165, C. & M. Digest. The chancery court, after the two years had expired for the county court to correct the settlement, could have, within the period of five years from the date of the final settlement and approval by the county court, surcharged and corrected the accounts of the treasurer for error caused by inadvertence, accident or mistake. But, after such five years had expired, an action could not be maintained in equity to surcharge and correct the settlement and hold the treasurer liable, unless he was guilty of some fraud or concealment in making the settlement. He could not maintain the action unless he perpetrated a fraud upon the court in procuring the settlement, concealed the fraud, and thereby tolled the statute of limitations. Now the complaint alleges in substance that, in the settlement by Craig in June, 1918, he took credit for 61 warrants aggregating $1,333.82, and in the settlement of December 31, 1918, he took credit for 53 warrants aggregating a total of $4,442.60, or a total credit of 114 warrants aggregating $5,776.42, all of which warrants had been credited to him in the previous settlement of June 30, 1917; that Craig concealed the misappropriation by false entries in his books; that the fraud was not discovered and could not have been discovered by ordinary diligence until a short time before the bringing of the suit. The complaint further sets out the number of warrants drawn on the county general fund of Prairie County, the date of their issue, the name of the payee and the amount which it is alleged the appellee Craig duplicated in making his final settlement. It is also alleged that Craig in his settlements showed credits for $20,833.77, when it should have been $20,043.67, thereby showing that he had taken in excess in the sum of $340.10. While the complaint alleges in

general terms that fraud was covered up and concealed from the county court by false statements and that such fraud could not have been discovered by ordinary diligence on the part of the county court, it does not occur to us that the facts stated are legally sufficient to show that the fraud alleged in the statement of his account as set forth in the complaint could not have been discovered by the exercise of ordinary diligence on the part of the county court. The facts as alleged do not show that the appellee Craig intentionally made false statements in his accounts and endeavored to conceal the same from the county court. The law requires all warrants presented and paid to be numbered and to show the date of their issue, the name of the payee and the amount thereof. Therefore if any mistake was made by the treasurer in taking credit twice for the warrants presented and paid by him, surely the county court, by the exercise of proper diligence in checking these warrants, could have readily discovered any duplication resulting in an excess credit being taken by and given to appellee Craig.

In short, it occurs to us that the complaint wholly fails to properly state facts which, if conceded to be true, would show that the appellee had intentionally erred in the settlement of his accounts, and had, by false entries and statements in his accounts, perpetrated a fraud upon the county court in procuring his settlement. No fact is stated in the complaint which might not have been the result of an honest and unintentional mistake. The facts here alleged do not show any systematic padding of the accounts of the treasurer, and do not bring this case within the doctrine of *Johnson County* v. *Bost, supra.* The facts stated do not show such a confidential relation between the appellee and the county as would constitute the making of a mere mistake in the duplication of credits a fraud upon the county court in procuring an erroneous allowance. The facts alleged do not show any mistake in the statement of appellee's accounts that could not have been readily discovered and remedied by the exercise of reasonable diligence by the county

court within two years after the final settlement; and the facts do not show any mistake that could not have been corrected in the chancery court before the expiration of five years from the date of the settlement. Therefore the allegations of appellant's complaint are not sufficient to toll or defeat the operation of the five-year statute of limitation. The trial court ruled correctly in so holding and in sustaining the appellee's demurrer to the appellant's complaint. The decree is therefore affirmed.