YATES *v.* STATE USE MILLER COUNTY.

4-2781

Opinion delivered December 12, 1932.

*Shaver, Shaver* and *Williams,* for appellant.

*Millard Alford, Will Steel* and *James D. Head,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the chancery court was without jurisdiction to surcharge and falsify the reports and accounts of the collector already approved by the judge of the Miller Circuit Court, which action, it is insisted, was conclusive and *res judicata.* The chancery court was not reviewing the decision of the circuit court in determining the matter submitted by the pleadings herein, but only exercising its ancient inherent jurisdiction to set aside and falsify accounts for fraud or mistake. The chancery court has not been deprived of such jurisdiction, if it could be done, and the court had jurisdiction of the action as established by our decisions:

"Original jurisdiction of equity to correct mistakes was not divested by the statute granting to the county court the power to readjust the settlements of the collector at any time within two years." *Big Gum Drainage District* v. *Crews,* 158 Ark. 566, 250 S. W. 865. See also *Gladys* v. *Lovewell,* 95 Ark. 618, 130 S. W. 579. Chancery has jurisdiction, as is apparent from these and other Arkansas cases, not only to correct mistakes, but also to correct fraud in settlements of county officers. In *Sims* v. *Craig,* 171 Ark. 492, 286 S. W. 867, chancery was held to be the proper forum for the surcharging of set-

tlements, the court holding that unintentional error and mistakes as well as fraud might be corrected within two years (under the statute) by the county court, and thereafter (but not exceeding 5 years) by the chancery court. See also *Marable* v. *State,* 175 Ark. 589, 2 S. W. (2d) 690; *Marshall* v. *Holland,* 168 Ark. 449, 270 S. W. 609. In *Johnson County* v. *Bost,* 139 Ark. 35, 213 S. W. 388, in a case where the county court had allowed as credits certain items which were claimed to have been fraudulent and illegal, it was insisted that the chancery court was without jurisdiction and its judgment was sought to be avoided because no sufficient showing of fraud had been made, but this court said: "There is however a modification of that rule with respect to the judgments of county courts in the allowance of claims against the county, and in the recent case of *Monroe County* v. *Brown,* 118 Ark. 524, 177 S. W. 40, we stated the law concerning the force and effect of judgments of county courts and the power to set them aside as follows: 'The statute is not construed to mean that the county court is authorized to review former judgments of the court for mere errors in the allowance of claims, but they are authorized to reject claims [warrants] which have been illegally or fraudulently issued. In other words, where the claim against the county was one which, under any evidence which might have been adduced, could not have been a valid claim against the county, or where the judgment of allowance was obtained by fraud, it may be set aside and warrants issued pursuant thereto canceled." There is nothing in the statute (§§ 4637-4642 of the Digest) giving final and conclusive effect to the action of the circuit judge in approving such statements of expenses by the officials nor depriving the chancery court of jurisdiction to surcharge and falsify same. Applying the analogous rule of decisions to the action of the circuit judge herein which prevails relative to the judgments of county courts on settlements by county officers, it is apparent that there is no rule of decisions or statute concluding either the county or the State, by the mere approval of the circuit

judge, from proceeding in chancery to surcharge and falsify the accounts and settlements of such officers for fraud, mistake, etc. *Sims* v. *Craig, supra.*

The approval of the account or report by such circuit judge is rather a ministerial than a judicial act, and his determination of such matters is not *res judicata,* nor is this proceeding an attempt to review the decision of a court of equal and coordinate jurisdiction.

The chancellor held that a fraud had been perpetrated upon the circuit judge in obtaining his approval of two items of the accounts or reports, one for $1,000 in 1929 report and one for $300 in the 1930 report, claimed to be paid by the appellant to his wife for services in the collector's office. It is not claimed that Mrs. Yates had acted as a deputy, and there is no substantial proof tending to show she ever performed any work or service in the office of value to the county. The testimony is to the contrary. It appears that her work consisted in adding up the amounts shown on the tax receipts issued by the collector day by day in their home in the evening and taking the bank book and carrying the funds collected by him during the day to the bank. The testimony indicated that she did not work in the office and visited it rarely, and never for the transaction of any business. The charging of the amount paid to her in the report and asking approval thereof was a representation by the officer, of course, that his wife had done work for the county during the two years and earned the money which was a proper charge against the county. The Constitution provides (article 19, § 23): "No officer of this State, nor of any county, city or town, shall receive, directly or indirectly, for salary, fees and perquisites more than five thousand dollars net profits per annum in par funds, and any and all sums in excess of this amount shall be paid into the State, county, city or town treasury as shall hereafter be directed by appropriate legislation."

In *Nixon* v. *Allen*, 150 Ark. 244, 7 S. W. 35, it was held that a statute creating a board to fix salaries of

county officials and the number of their clerks and employees was invalid, this court saying:

"The power to fix the salaries and fees of all officers in the State, and the number of their clerks and employees and their salaries, is a function which, within the limits of the Constitution, is lodged in the supreme law-making power of the State—the Legislature. *Cain* v. *Woodruff County*, 89 Ark. 456, [117 S. W. 768] ; *Humphry* v. *Sadler*, 40 Ark. 100; Throop on Public Officers, § 500. The General Assembly cannot delegate this legislative power to any individual, officer or board."

It is not contended that the wife of the collector, to whom the money was paid, was the deputy or authorized employee of the collector, and there was no such showing made that the work performed by her could not have been as well done by the collector whose duty it was to do it, or his deputies, as would render the expense lawful which the collector represented it to be in making the claim for the credit for expenses of the administration of the office.

On the cross-appeal, the court erred in refusing to surcharge the 1929 settlement with the following items:

1929, Report, to David Elkins............................$250
1929 Report, to J. W. Stuckey............................ 250
1929 Report, to traveling expenses in
     making the rounds of the county
     with tax-books ............................................. 500

and in the 1930 report with:

1930 Report, to David Elkins............................$300

The law requires the collector to make the tour of the county with the tax books for the purpose of collecting the taxes in the different precincts, and nowhere indicates the payment of his necessary traveling expenses. No place visited by him for the collection of taxes was more than 40 miles distant from his office in the city, and only one that far, and could have been reached under modern methods of travel and the business of collection of taxes transacted with the return of the officers

to the office in the same day. The expenses would necessarily not have been great, and it was the intention to permit or require the officials to pay some of their own personal expenses necessarily incurred in the performance of the duties, for which a salary of the net amount of $5,000 is provided by the Constitution. If an official desired to conserve time, he might make such tour in an airplane either purchased or hired for the purpose, but it could hardly be expected that he should charge the expense thereof as a necessary one of administration for which the county could be required to pay in addition to the $5,000 allowed as a salary for such collector. In other words, the Constitution permits only an allowance of $5,000 net salary to him per annum for the discharge of all his duties of the office, and expenditures for extra, unusal or emergency services to be paid out of the excess of fees over the $5,000 must be shown to be lawful before any such allowance can be made; otherwise it must be done at his own expense. *Crittenden County* v. *Crump,* 25 Ark. 235; *Cain* v. *Woodruff County,* 89 Ark. 456, 117 S. W. 768. And the necessary deputies and employees for assisting him in the discharge of the duties of the office must be authorized to be employees by law before they can be paid out of the excess fees collected over the amount of salary he is entitled to retain under the Constitution, $5,000, which otherwise must be paid into the county treasury in accordance with the law.

It follows from what has been said that the decree will be affirmed on the appeal, and reversed on the cross-appeal, and remanded with directions to enter a decree in accordance with this opinion.

BUTLER, J., dissents.