MONTGOMERY COUNTY *v.* ELDER.

4-4311

Opinion delivered June 15, 1936.

*Houston Emory* and *Murphy & Wood,* for appellant.

*Jerry Witt* and *Martin, Wootton & Martin,* for appellee.

HUMPHREYS, J. On February 16, 1935, in response to a citation to file a final settlement as county treasurer, showing the amounts he, Morris Elder, received for the county with the disbursements thereof, he filed an account in which a credit of $1,105.83 was claimed by him on account of the nonpayment of a check in said amount which the collector of the county, George A. Jackson, had given to him in their settlement in October, 1932.

The county court heard testimony relative to the credit claimed by Elder with which he had been charged in his former settlement, and found that he had been properly charged with the item, and rendered judgment against him in favor of the county for $1,105.83. From the judgment, Elder appealed the case to the circuit court of said county. Upon a hearing in the circuit court, the judgment was reversed, and Elder was allowed credit for the amount of the check he failed to collect, from which is this appeal.

The record reflects without dispute that during the general election in said county in 1932, reports were current and it was being charged that George Jackson, who was a candidate for re-election as tax collector, had not made full settlement with the county according to his agreement when he received his appointment as tax collector from the Governor; that in order to allay this criticism and clear himself of the charge, he gave the county treasurer, Morris Elder, a check for $1,105.83 on his account with the bank as collector, and obtained a receipt from the treasurer, which he exhibited to the electors in his canvass of the county; that there was sufficient money in the bank to pay the check; that the collector and treasurer, in their subsequent settlements covering a period of two years, treated the check as a cash item, and the treasurer apportioned the amount thereof to the school districts in the county, the county general fund, county road and bridge fund, the different towns in the county, and the State's fund; that on February 18, 1933, George A. Jackson brought a suit in the

chancery court of said county to correct and surcharge the settlement he made with the county in 1931 and 1932 and to recover the amount of the check he had given Elder, the treasurer, and for which Elder receipted him; that Elder was made a party defendant in that suit; that the complaint alleged, in substance, that he had made a mistake in the settlement with the treasurer, particularizing how the mistake had occurred; that a demurrer was sustained to the complaint and same was dismissed; that an appeal was prosecuted to this court, where the decree of the chancellor was affirmed on October 30, 1933, in the case of *Jackson* v. *Elder*, 187 Ark. 1094, 63 S. W. (2d) 991; that this court said in the case that: "It will be noted from the allegations of the complaint that this suit was instituted on February 18, 1933, and charged generally that the county court of Montgomery county through mistake wrongfully, erroneously and illegally transferred a credit from plaintiff's account to that of another. These allegations do not constitute a charge of fraud. On the other hand, they come squarely within the purview of § 10,165 of Crawford & Moses' Digest as amended by act 339 of 1927, which said amendatory act reads as follows: " 'When any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within one year from the date of such settlement, to reconsider and adjust the same.'

"Had appellant filed his claim in the county court of Montgomery county on February 18, 1933, instead of in the chancery court, he could and would have received adequate relief under his July, 1932, settlement. If relief had been denied him in the county court, an appeal could have been perfected to the circuit court.

"This court has many times held that the county court has original exclusive jurisdiction to audit, settle and direct the payment of all demands against the county. *Chicot County* v. *Crews*, 47 Ark. 80, 14 S. W. 469; *Shaver* v. *Lawrence County*, 44 Ark. 225.

"It suffices to say that appellant had a plain, adequate and complete remedy under § 10,165 of Crawford & Moses' Digest, as amended by act 339 of 1927, which

afforded him an exclusive remedy for all the things complained about in his complaint.''

Like Jackson, in the case referred to, Elder's only remedy for all the things complained of in his settlements was to have proceeded under § 10,165 of Crawford & Moses' Digest, as amended by act 339 of 1927. This was his exclusive remedy. This he attempted to do in his final settlement of 1935, but it was too late to correct errors, if any, in his settlements of 1931, 1932 and 1933. Said section of the statute, in part, is as follows: ''When any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within one year from the date of such settlement, to reconsider and adjust the same.''

In his prior settlements, he treated the check as a cash item and apportioned it to the several funds entitled thereto, and cannot now correct it even though a mistake was made.

All other questions raised and argued in the able briefs are beside the real issue in the case.

On account of the error indicated, the judgment of the circuit court is reversed with directions to enter judgment against Morris Elder for $1,105.83, and interest thereon from October, 1932, to date.