CARROLL COUNTY *v.* EUREKA SPRINGS SCHOOL DIST. # 21 and The CITY OF EUREKA SPRINGS

86-284                                    729 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered May 11, 1987

*David S. Clinger*, Prosecuting Attorney, and *Terri L. Harris*, Deputy Prosecuting Attorney, for appellant.

*Epley, Epley & Castleberry, Ltd.*, by: *Alan D. Epley*, for appellees.

JACK HOLT, JR., Chief Justice. Carroll County brought suit against Eureka Springs School District # 21 and the City of Eureka Springs (both appellees referred to herein as Eureka Springs) to recover overpayments mistakenly made from county tax settlements. The Carroll County Chancery Court limited Carroll County's recovery to overpayments made within the three-year statutory period for implied contracts or liabilities. On appeal, Carroll County contends the five-year catch-all statute of limitations should apply. Eureka Springs cross appeals, urging dismissal of all claims, in that the county court is the only court with jurisdiction over a "county tax" matter, and Carroll County is not the real party in interest. The judgment is affirmed on both appeal and cross appeal.

Carroll County sought reimbursement of $21,953.53 from the school district and $1,972.93 from the City of Eureka Springs in the settlements for 1978 taxes collected in 1979; 1979 taxes collected in 1980; 1980 taxes collected in 1981; and 1981 taxes collected in 1982. As an affirmative defense, Eureka Springs pled

the three-year statute of limitations in Ark. Stat. Ann. § 37-206 (Repl. 1962). Eureka Springs also contested the chancery court's jurisdiction to hear a "county tax" case and alleged that the cities and school districts that were underpaid in the tax settlements were the real parties in interest under Ark. R. Civ. P. 17(a), rather than Carroll County.

The chancery court held that it had jurisdiction over the matter, that the county was the real party in interest, and that the three-year statute of limitation restricted Carroll County's recovery to overpayments made after July 1, 1981. We agree.

### 1. CHANCERY COURT JURISDICTION

Eureka Springs maintains that the county court was the only court with jurisdiction to hear this case under Ark. Const. art. 7, § 28, which gives county courts "exclusive original jurisdiction of all matters relating to county taxes." Although this case indirectly involves county taxes, this provision of our constitution should not be so broadly read as to prevent the recovery in chancery court of money that the county has mistakenly disbursed to Eureka Springs.

Eureka Springs cites cases which have protected the exclusive jurisdiction of county courts. These cases, however, were limited to issues concerning auditing, assessing and collecting county taxes. *Jackson* v. *Elder*, 187 Ark. 1094, 63 S.W.2d 991 (1933); *C.R. Burgess* v. *Four States Memorial Hosp.*, 250 Ark. 485, 465 S.W.2d 693 (1971). The chancery court relied instead on our decisions in *Marable* v. *State*, 175 Ark. 589, 2 S.W.2d 690 (1927) and *Big Gum Drainage District* v. *Crews*, 158 Ark. 566, 250 S.W. 865 (1923), in which we held that the original jurisdiction of equity to correct mistakes gives the chancery court jurisdiction in actions to recover county money mistakenly paid or withheld. Although these cases did not address the constitutional question raised here under art. 7, § 28, they are of precedential value as to the jurisdiction of chancery courts to correct mistakes.

In scrutinizing art. 7, § 28, we agree with the chancery court that this case does not fall under the county court's exclusive jurisdiction of matters involving "county taxes." After the county had completed the collection of the tax receipts and disbursed county funds to the various cities and school districts

within the county, an action to recover funds mistakenly paid to Eureka Springs was not merely a "county tax" matter as such, but rather a matter of overpayment which addresses itself to the chancery court's jurisdiction to correct mistakes.

## 2. *REAL PARTY IN INTEREST*

■ Eureka Springs asserts that under Ark. R. Civ. P. 17(a), the cities and school districts which should have received the funds are the real parties in interest rather than Carroll County. The chancellor accurately ruled that one "who mistakenly pays money to another is the real party in interest to maintain suit against the latter for the recovery of the money paid."

Inasmuch as the county had the responsibility to disburse the money to the entitled parties, it logically follows that the county can best discharge claims of those entitled to the funds Eureka Springs was ordered to return. In *House* v. *Long*, 244 Ark. 718, 426 S.W.2d 814 (1968), we said:

> The real property in interest, therefore, is generally considered to be that person who can discharge the claim on which suit is brought and not necessarily the person ultimately entitled to the benefit of the recovery.

Carroll County is the appropriate party to discharge the claim on which this suit is brought.

## 3. *STATUTE OF LIMITATIONS*

The two competing statutes of limitation are:

> 37-206. Actions which must be brought in three years — Contracts not in writing — Rent — Trespass — Libel — Injury to goods. — The following actions shall be commenced within three [3] years after the passage of this act, or, when the cause of action shall not have accrued at the taking effect of this act, within three [3] years after the cause of action shall accrue: First, all actions (of debt) founded upon any contract, obligation or liability, (not under seal [and not in writing]) excepting such as are brought upon the judgment or decree of some court of record of the United States, of this, or some other State; (second, all actions upon judgments rendered in any court

not being a court of record;) third, all actions or arrearages of rent (not reserved by some instrument in writing, under seal;) fourth, all actions (of account, assumpsit, or on the case,) founded on any contract or liability, expressed or implied; fifth, all actions for trespass on lands, or for libels; sixth, all actions for taking or injuring any goods or chattels.

37-213. Actions not otherwise provided for — Five years. — All actions not included in the foregoing provisions shall be commenced, within five [5] years after the cause of action shall have accrued.

On ruling the three-year statute of limitation applies, the chancellor relied primarily on *Futrall* v. *City of Pine Bluff*, 87 F.2d 711 (8th Cir. 1937) and *The Fidelity & Casualty County of N.Y.* v. *State*, 197 Ark. 1027, 126 S.W.2d 293 (1939). In *Futrall*, a bank mistakenly paid too much money to the city upon liquidation of the bank. The city raised the statute of limitations as a defense to the bank's action. In comparing these two statutes, the Eighth Circuit said:

> The meaning of these sections of the statutes of Arkansas must be determined from the decisions of the Supreme Court of that state. An analysis of such decisions as throw light upon the question here involved has convinced us that an action to recover money paid or obtained through an honest mistake of fact or law, in the absence of fraud, corruption or willful diversion, is an action founded upon implied contract or liability, not in writing, and must be commenced within three years.

In *Fidelity*, this court followed the *Futrall* rationale where an action was brought by the county prosecutor on the bond of the county treasurer, alleging that the treasurer had paid money from the county funds on invalid warrants. *In Board of Educ. of Ouachita County* v. *Morgan*, 182 Ark. 1110, 34 S.W.2d 1063 (1931) and *State, Use and Benefit of Garland County* v. *Jones*, 198 Ark. 756, 131 S.W.2d 612 (1939), this court also applied a three-year limitation to suits to recover money mistakenly paid. In *Morgan*, an excessive commission was paid to the county treasurer and was then improperly credited to the general fund rather than the school funds from which the commission was

taken. In an action by the school to recover the money from the general fund, the three-year limitation was applied by the trial court and we affirmed, stating:

> The next and last question of law arising out of the pleadings and agreed statement of facts is whether any part of appellants' cause of action is barred by the statute of limitations. It is conceded in the brief of appellants that the funds sought to be transferred to the county common school fund from the several county funds into which they were diverted, are not trust funds by virtue of an express trust. The general rule of law is that, while the statute of limitations will not run against an express trust until there has been a repudiation of the trust, the statute of limitations will run against implied, resulting and constructive trusts. There are some exceptions to the rule that the statute of limitations will run against implied, resulting and constructive trusts, but we think the instant case comes within the general rule and not within any exception thereto. The three years' statute of limitations provided for in § 6950 of Crawford & Moses' Digest is applicable to the claims of appellants for excess commissions and interest. It was not alleged in the complaint nor in the stipulated agreement of facts that funds claimed were wilfuly diverted by the officer apportioning them, hence § 6960 of Crawford & Moses' Digest, providing for a five-year statute of limitations, has no application to the instant case.

Eureka Springs cites several cases in support of its position that the five-year limitation should be used in this situation, including *Sims* v. *Craig County Treasurer*, 171 Ark. 492, 286 S.W. 867 (1926); *Yates* v. *State*, 186 Ark. 749, 54 S.W.2d 981 (1932); *Marable* v. *State*, 175 Ark. 589, 2 S.W.2d 690 (1927); and *Big Gum Drainage* v. *Crews*, 158 Ark. 566, 250 S.W. 865 (1923). The chancellor declined to follow these decisions, commenting that the question of whether the three or five-year statute of limitation was appropriate was not in issue in these cases. He also noted that these cases preceded *Fidelity* and *Morgan*.

We find the chancellor was correct in characterizing this action as one falling within the implied obligation or liability

provisions of § 37-206 and that Carroll County could recover only for overpayments made during the three years before this suit was filed.

Judgment affirmed.